# TROY LAW, PLLC

ATTORNEYS / COUNSELORS AT LAW
Tel: 718 762 1324   johntroy@troypllc.com   Fax: 718 762 1342
41-25 Kissena Blvd., Suite 119, Flushing, New York 11355

June 27, 2019

*__Via ECF__*
Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   **Joint Letter Motion Requesting Court Approval of Settlement Agreement**
      ***LIN et al. v GINZA 685 INC d/b/a Kouzan et al., 18-cv-12202***

Dear Judge Nathan:

The Parties write jointly to report that parties have come to an agreement on settling this matter.

### I.   Background

Plaintiff JIA WANG LIN was employed by Defendants GINZA 685 INC d/b/a Kouzan and DAN HONG SHI, (collectively, "Defendants"),

This lawsuit was originally filed on December 26, 2018, for violations of the Fair Labor Standards Act and New York Labor Law. Plaintiff alleged that pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wage and unpaid overtime wages, (2) liquidated damages, (3) out of pocket expenses to delivery experts on the road, (4) liquidated damages, (5) prejudgment and post-judgement interest; and or (6) attorney's fees and cost. Plaintiff further alleged pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that he is entitled to recover from the Defendants: (1) unpaid minimum wage compensation and unpaid overtime compensation, (2) unpaid spread-of-hours premium, (3) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (5) out of

pocket expenses to delivery experts on the road, (6) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL § 190 et seq., § 650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (7) 9% simple prejudgment interest provided by NYLL, (8) post-judgment interest, and (9) attorney's fees and costs. Defendants deny all of Plaintiff's claims in its entirety.

## II. The FLSA Settlement is Fair and Reasonable

Based on the estimated total damages, the amount of Twenty-Five Thousand Dollars ($25,000.00) (inclusive of Plaintiff's legal fees) is fair and the proposed settlement agreement should be approved. This settlement was the result of a contested litigation and arm's-length bargaining between experienced counsels, and guidance of this Court.

In this context, we note that the litigation risks faced by the parties are substantial. Plaintiff claimed that he was not paid at least the minimum hourly wage rate for all hours worked, and one and one half times the rate of regular hourly rate in excessing of forty hours (40) in a given workweek. If this settlement agreement does not go through, then the parties would go forward to a full trial on the merits. Afterward, the determination of the case could be the subject of a further appeal. The parties anticipate that further litigation would lead to increased litigation costs, use of judicial resources, and extensive delay of resolution. In light of these factors, including the serious risks posed by further litigation, this settlement agreement is a reasonable compromise over the contested issues and the Court's approval is appropriate. The parties believe for all of the reasons stated in this letter, the Cheeks v. Freeport Pancake House, Inc., 796 F. 3d 199, 206 (2d Cir. 2015) factors have been satisfied.

The Settlement Agreement is attached hereto as Exhibit 1.

### A. Plaintiff's Assessment

Plaintiff's counsel evaluated Plaintiff's potential damages by discussing with Plaintiff in great detail the length of his employment, the nature of his work, the hours he worked, and the pay he received as compensation.

Calculations were made based on this review and the potential damages for the Plaintiff are as follows:

Plaintiff JIA WANG LIN claimed that he worked approximately forty-four (43.5) hours on average each week from July 01, 2014 to June 30, 2015; for about twenty-five (25) hours on average each week from July 01, 2018 to November 27, 2018; and he was paid Eight Dollars And Fifty Cents ($8.50) per hour from July 01, 2014 to December 30,

2014; and Ten Dollars And Eighty-Five Cents ($10.85) per hour from July 01, 2018 to November 27, 2018.

Plaintiff JIA WANG LIN's minimum wage and overtime compensation shortfall without liquidated damages under the FLSA was Six Thousand Nine Hundred Forty-Three Dollars And Sixty-Six Cents ($6,943.66) and his unpaid wage and overtime compensation shortfall under the NYLL was Sixteen Thousand Nineteen Dollars And Five Cents ($16,019.05). Additionally, Plaintiff claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Five Thousand Dollars ($5,000.00) for NYLL Initial Time-of-Hire Notice Violations, and One Thousand Eight Hundred Fifty-Five Dollars And Sixty-One Cents ($1,855.61) in New York pre-judgment interest. The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is Forty-Three Thousand Eight Hundred Ninety-Three Dollars And Seventy-One Cents ($43,893.71).

Plaintiff's Damages Calculation is attached hereto as Exhibit 02.

After extensive negotiations, and given the inherent risks of litigation and Defendant's capacity to pay the judgment, Plaintiff and Defendants agreed to settle for the proposed settlement amount of Twenty-Five Thousand Dollars ($25,000.00) inclusive of attorney fees of the Plaintiff's counsel.

### B. Defendants' Assessment

Defendants, for the purposes of settlement negotiation only, accepted as true, Plaintiff's allegations of period of employment, hours worked and amount of compensation.

Plaintiff is not entitled to recover compensatory damages under both Fair Labor Standards Act ("FSLA") and the New York Labor Law ("NYLL"). As such, Plaintiff's double calculation of compensatory damages under FSLA and NYLL is without merit. As for liquidated damages, courts in the Second Circuit have also held that Plaintiff is not entitled to both FSLA and NYLL damages because they serve the same practical purposes in compensating the Plaintiff and deterring wage violations.

However, the Court has the discretion to reduce or deny the liquidated damages if the employer shows that its action was in good faith and that he had reasonable grounds to believe that his act or omission was not a violation of FLSA or willful underpayment under NYLL. Defendants showed that their action was in good faith and there was no willful underpayment. As such, Defendants are of the position that Plaintiff is not entitled to any liquidated damages.

### III. The Attorneys' Fees Are Fair and Reasonable

Hon. Alison J. Nathan
Page 4

Defendants will provide Plaintiff with a settlement in the amount of Twenty-Five Thousand Dollars ($25,000.00).

The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiff, are documented to the amount of Six Hundred Fifty Dollars ($650.00). The Net Recovery Amount after the Total Settlement Amount has been reduced by out-of-pocket expenses is Twenty-Four Thousand Three Hundred Fifty Dollars ($24,350.00).

Of the Net Settlement Amount, One Third (1/3), or Eight Thousand One Hundred Sixteen Dollars And Sixty-Seven Cents($8,116.67), is due to Plaintiff's attorneys, Troy Law, PLLC, in addition to out-of-pocket expenses of Six Hundred Fifty Dollars ($650.00) for a total of Eight Thousand Seven Hundred Sixty-Six Dollars And Sixty-Seven Cents ($8,766.67). Of the Net Settlement Amount, Two Thirds (2/3), or Sixteen Thousand Two Hundred Thirty-Three Dollars And Thirty-Three Cents($16,233.33) is due to Plaintiff. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses.

The retainer agreements agreed to and signed by Plaintiff provided that Plaintiff's counsel could recover One Third (1/3) of net recovery of any settlement in addition to costs and expenses. Plaintiffs' Counsel seek only One Third (1/3) of net recovery of any settlement in addition to costs and expenses. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses, while the clients have shouldered two thirds (2/3) of all out-of-pocket expenses. A contemporaneous Time & Billing with itemized expense list is attached (See Exhibit 3).

For the reasons provided above, the parties respectfully seek this Court's approval of the settlement.

Respectfully Submitted,

| | |
|---|---|
| **TROY LAW PLLC** | **LAW OFFICES OF JOHN S. YONG, P.C.** |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |
| /s/ John Troy | John S. Yong, Esq. |
| John Troy, Esq. | 39 East Broadway, 5th Floor |
| 41-25 Kissena Blvd., Suite 119 | New York, NY 10002 |
| Flushing, NY 11355 | Tel: 2122336668 |
| Tel.: 718 762 1324 | |