```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/26/21
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Jia Wang Lin,

                Plaintiff,

   –v–

Ginza 685 Inc, *et al.*,

                Defendants.

18-cv-12202 (AJN)

MEMORANDUM OPINION & ORDER

---

ALISON J. NATHAN, District Judge:

In 2018, Plaintiff filed a complaint in this action alleging violations of the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL).  *See* Dkt. No. 1.  The parties subsequently informed the Court that they had reached a settlement and submitted a proposed settlement agreement, accompanied by a letter explaining their views on the fairness of the settlement, for the Court's approval.  *See* Dkt. No. 23.  The agreement provides for a total settlement amount of $25,000.00, including attorney's fees and costs.  Plaintiff's counsel seeks fees and expenses in the amount of $8,766.67.  For the following reasons, the Court approves the settlement agreement.

    **I.**    **LEGAL STANDARD**

In order to serve FLSA's purpose of ensuring "a fair day's pay for a fair day's work," settlements in FLSA cases must be approved by a court or by the Department of Labor.  *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (quoting *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945)).  A plaintiff's FLSA claims therefore cannot be dismissed with prejudice until the Court determines that the settlement is "fair and reasonable."  *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  A "fair and reasonable" settlement

1

is one that "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Mamani v. Licetti*, No. 13-cv-7002 (KMW), 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014) (internal quotation marks omitted).

## II.     DISCUSSION

The Court finds that the total settlement amount is reasonable. To start, the total settlement amount is presumptively reasonable. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). According to his allegations, Plaintiff is owed $43,893[1] for violations of the NYLL, a sum that includes, *inter alia*, unpaid wage, overtime, and spread of hours compensation, liquidated damages, statutory damages for notice and statement violations, and prejudgment interest. *See* Dkt. No. 23 at 3; Dkt. No. 23-2. However, Defendants accept Plaintiff's allegations regarding his period of employment, hours worked, and compensation earned only for the purposes of settlement, and they argue that Plaintiff is not entitled to any liquidated damages—which Plaintiff claims entitlement to under the NYLL in the amount of $16,019.05, *see* Dkt. No. 23-2—because they acted in good faith and did not willfully underpay him, *see* Dkt. No. 23 at 3. In light of the genuine dispute among the parties regarding the extent of Defendants' liability, a settlement of $25,000, including fees, is reasonable. *See Kopera v. Home Depot U.S.A., Inc.*, No. 09-cv-8337 (WHP), 2011 WL 13272403, at *1 (S.D.N.Y. June 24, 2011) ("A district court may approve a FLSA settlement between private litigants when the settlement is reached as a result of contested litigation to resolve bona fide disputes." (internal quotation marks omitted)); *McMahon v. Olivier Cheng Catering and Events, LLC*, No. 08-cv-8713 (PGG), 2010 WL 2399328, at *6 (S.D.N.Y. Mar. 3, 2010) ("If the proposed settlement

---

[1] While the parties' joint letter states that Plaintiff is owed $43,893.71, *see* Dkt. No. 23 at 3, Plaintiff's damages calculation provides $43,893.72 as the total figure for NYLL damages, *see* Dkt. No. 23-2.

2

reflects a reasonable compromise over contested issues, the settlement should be approved."). Indeed, courts in this District regularly recognize settlement recoveries in this range as reasonable. *See, e.g.*, *Larrea v. FPC Coffees Realty Co., Inc.*, No. 15-cv-1515 (RA), 2017 WL 1857256, at *2 (S.D.N.Y. May 5, 2017) (approving a settlement amount of approximately 61% of maximum recovery); *Beckert v. Ronirubinov*, No. 15-cv-1951 (PAE), 2015 WL 8773460, at *21 (S.D.N.Y. Dec. 14, 2015) (approving a settlement of approximately 25% of maximum recovery).

The Court next turns to fees and costs. In total, Plaintiff's counsel seeks one third of the settlement amount less costs, or $8,116.67. Courts in this District at times award one third of a settlement fund as a reasonable fee in FLSA cases. *See Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13-cv-6667 (PAE), 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) (collecting cases).

Nonetheless, even when the proposed fees do not exceed one third of the total settlement amount, courts typically use the lodestar method as a cross check to ensure the reasonableness of attorney's fees. *See Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) (encouraging the practice of using the lodestar method as a "'cross check' on the reasonableness of the requested percentage"). The lodestar amount is the presumptively reasonable fee—"the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).

Plaintiff's counsel does not provide a lodestar amount, but Troy Law's billing records indicate that it billed $35,350.50 in total, an amount substantially greater than the fee that they request ($8,116.67). *See* Dkt. No. 23-3 at 4. For the reasons that follow, the Court finds that the true lodestar amount is significantly lower.

3

First, the Court finds that the hourly billing rates charged are excessive. Troy Law's billing records reflect that it is seeking fees on behalf of John Troy, Aaron Schweitzer, Maggie Huang, and Preethi Kilaru. *See generally* Dkt. No. 23-3. Troy bills at an hourly rate of $550, Schweitzer at an hourly rate of $350, and Huang and Kilaru at hourly rates of $150. *Id.* Another court in this District recently concluded that these individuals are "not entitled to compensation at the hourly rates they propose[d]," which were the same or higher than those proposed here. *See Lin v. La Vie En Schezuan Restaurant Corp.*, No. 15-cv-09507 (DF), 2020 WL 1819941, at *3–*6 (S.D.N.Y. Apr. 9, 2020). The Court agrees for the reasons stated in *La Vie En Schezuan* and reduces the proposed hourly rates to $400 for Troy, $150 for Schweitzer, $100 for Huang, and $70 for Kilaru. *See id.* (identifying $300–400 as a reasonable hourly rate for Troy; $100–$150 as a reasonable hourly rate for Schweitzer; $100 as a reasonable hourly rate for Huang; and $70 as a reasonable hourly rate for Kilaru).

Second, the Court finds that the total number of hours expended in this matter—about 80—is also "excessive." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999) ("In determining the number of hours reasonably expended for purposes of calculating the lodestar, the district court should exclude excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims."). Given the fact that this case settled less than seven months after the Complaint was filed, after only limited discovery and before any motion for conditional collective certification was filed, the Court will trim 40% of the total hours billed as "excessive or unnecessary." *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) ("A district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application, and the Supreme Court has been careful to note that only those hours reasonably

expended are to be awarded."); *see also Wan v. YWL USA Inc., et al.*, No. 18-cv-10334 (CS), 2021 WL 1905036, at *7 (S.D.N.Y. May 12, 2021) (trimming 40% of hours expended by Troy, Schweitzer, Kilaru, and a former Troy Law associate as "excessive or otherwise unnecessary").

The Court calculates the lodestar as follows:

| Attorney | Reasonable Hourly Rate | Reasonable Number of Hours[2] | Total Fee |
|---|---|---|---|
| John Troy | $400 | 25.2 | $10,080 |
| Aaron Schweitzer | $150 | 19.4 | $2,910 |
| Maggie Huang | $100 | 2.8 | $280 |
| Preethi Kilaru | $70 | 1.2 | $84 |

The true lodestar amount is thus $13,354. Though this amount is significantly lower than that billed by Plaintiff's counsel, the Court will not disturb Plaintiff's calculation of attorney's fees because the true lodestar amount is nonetheless still *greater* than the fee award contained in the settlement agreement. *See, e.g.*, *Gervacio v. ARJ Laundry Servs. Inc.*, No. 17-cv-9632 (AJN), 2019 WL 330631, at *3 (S.D.N.Y. Jan. 25, 2019) ("The true lodestar amount is therefore greater than the fee award contained in the settlement agreement. As a result, the Court does not disturb the calculation of attorneys' fees.").

As to costs, Plaintiff's counsel seeks $650, which was incurred for filing and service. *See* Dkt. No. 23-3 at 4. The Court finds these costs reasonable, *see Collado v. Donnycarney Rest. L.L.C.*, No. 14-cv-3899 (GBD), 2015 WL 4737917, at *14 (S.D.N.Y. Aug. 10, 2015) (collecting cases), and therefore grants this request.

---

[2] These figures are rounded up to the nearest one-tenth of an hour.

### III.   CONCLUSION

For the reasons stated above, the Court approves the settlement agreement in full. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: May 26, 2021
New York, New York

_____
ALISON J. NATHAN
United States District Judge